■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS YOUNG, Appellant. [801 NYS2d 285]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered July 8, 2003, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years and 1 year, respectively, unanimously affirmed.

The court properly exercised its discretion in imposing reasonable limits on defendant's inquiry concerning a search warrant executed on another floor of the same building almost simultaneously with the search of defendant's apartment. Defendant received ample latitude in which to elicit facts relating to the other search, to attack the credibility of the police witnesses, and to make the argument that the drugs attributed by the police to defendant may have actually been recovered from the other apartment. Accordingly, there was no impairment of defendant's rights to present a defense and confront witnesses (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

The court properly permitted the People to introduce evidence that during the search of defendant's apartment, the police saw defendant throwing something out of a window. This testimony was probative of defendant's guilt.

We perceive no basis for reducing the sentence. Concur—Sullivan, J.P., Ellerin, Nardelli and Sweeny, JJ.